# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAHTA DANIEL HADGU. <br><br> Petitioner, <br><br> v. <br><br> DHS, <br><br> Respondent. | Case No. 19-cv-01314-BAS-WVG <br><br> **ORDER DENYING PETITION WITHOUT PREJUDICE** <br><br> [ECF No. 1] |

*Pro se* Petitioner Bahta Daniel Hadgu is a native and citizen of Eritrea who allegedly received asylum in Switzerland and who is detained at the Otay Mesa Detention Center in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement. Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court on July 15, 2019. (ECF No. 1.) Petitioner allegedly entered the United States at the San Ysidro port of entry on March 15, 2018. (*Id*. at 4.) Petitioner alleges that he was denied asylum in the United States and ordered removed to "Eritrea/Swizerland[sic]" on March 21, 2019. (*Id*. at 1, 4.) Petitioner seeks "release from ICE custody pursuant to 8 CFR § 241.13" and pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (ECF No. 1 at 1.) Petitioner further contends that he has not been removed within the 90-day period prescribed by law. (*Id*.) Petitioner contends that he should not be detained pending

removal because he is neither a flight risk, nor a danger to the community. (*Id.* at 2.) The Court ordered Respondent to respond to the Petition, (ECF No. 3), which Respondent timely did on July 31, 2019. (ECF No. 6 Return to Petition (the "Return").) Having reviewed the Petition, the Return, and applicable law, the Court denies the Petition without prejudice because it is premature.

**DISCUSSION**

A district court must award a writ of habeas corpus or issue an order to show cause why it should not be granted unless it appears from the application that the applicant is not entitled to such relief. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules), which applies to cases like this brought under Section 2241, provides that the court must "promptly examine" the petition and "[i]f it plainly appears the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Having done so, the Court finds that the Petition without prejudice as premature.

The Attorney General must remove an alien who is ordered removed from the United States within a 90-day period, referred to as the "removal period." 8 U.S.C. § 1231 (a)(1)(A). The 90-day removal period starts to run on the latest of certain statutorily identified dates, including, as relevant here, the date the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i). Here, Petitioner and the Government waived the right to appeal the order of removal (ECF No. 6-1 Ex. I) and thus the order became final on March 21, 2019. *See* 8 C.F.R. § 1003.39. The Government therefore had until June 19, 2019 to remove Petitioner in accordance with the statute.

The Attorney General must detain an alien during the 90-day removal period.

8 U.S.C. § 1231(a)(2). Under 8 U.S.C. § 1231(a)(6), however, the Attorney General is authorized to detain certain aliens beyond the 90-day removal period including: an alien who is inadmissible under 8 U.S.C. § 1182; removable under 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4); or who the Attorney General determines is a risk to the community or unlikely to comply with the order of removal. In *Zadvydas v. Davis*, the Supreme Court held that Section 1231(a)(6) authorizes the Attorney General to detain an alien only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. To establish uniformity in the federal courts, the Supreme Court recognized 6 months as a "presumptively reasonable period of detention." *Id.* at 701. If the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the 6-month period, the burden then shifts to the government to "respond with evidence sufficient to rebut that showing." *Id.* Not every alien detained under Section 1231 must be released after 6 months. An alien may be detained beyond 6 months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, the Government indicates that ICE issued a decision to continue the detention of Petitioner on July 17, 2019. (ECF No. 6 at 4; ECF No. 6-1 Ex. J.) The basis for the decision was that Department of Homeland Security officers arrested Petitioner on June 28, 2018 pursuant to an arrest warrant based on a criminal complaint filed in the Southern District of California for violation of 18 U.S.C. § 1546(a), a statutory provision that criminalizes the making of a false statement in connection with an immigration application. (ECF No. 6-1 Ex. J.) The Government has provided copies of: (1) a June 1, 2018 decision by an immigration judge initially granting Petitioner asylum in the United States, (ECF No. 6-1 Ex. C); (2) a criminal

complaint under 8 U.S.C. § 1546(a) subsequently filed in the Southern District on July 25, 2018 in *United States v. Haben Hadgu aka Hadgu Bahta*, No. 18-cr-3341-H (S.D. Cal. July 25, 2018), (ECF No. 6-1 Ex. B); (3) a November 9, 2018 amended judgment in the criminal case issued by District Judge Marilyn Huff, reflecting that Petitioner pleaded guilty to the criminal complaint and was sentenced to time served and supervised release, (ECF No. 6-1 Ex. D); (4) the Government's motion to reopen Petitioner's immigration proceedings following Petitioner's guilty plea to the criminal complaint, (ECF No. 6-1 Ex. H); and (5) the resulting order of removal in which the immigration judge denied Petitioner asylum in the United States and ordered Petitioner's removal to Switzerland or, in the alternative, Eritrea, (ECF No. 6-1 Ex. I).

The criminal complaint to which Petitioner pleaded guilty reflects that Petitioner made material statements under penalty of perjury in a Form I-589 Application for Asylum and for Withholding of Removal. (ECF No. 6-1 Ex. B.) Specifically, Petitioner said that "he had never resided in another country, nor applied for any lawful status in any other country, nor used any other name; all of which the defendant then and there knew was false" because he "had in fact resided in Switzerland and applied for asylum in Switzerland using a different name[.]" (*Id.*) 8 U.S.C. § 1182 renders inadmissible any alien who willfully misrepresents a material fact to procure a visa, admission into the United States or other benefit. 8 U.S.C. § 1182(a)(6)(C)(i). Accordingly, the Government is authorized to detain Petitioner beyond the 90-day removal period, subject to the limitations recognized in *Zadvydas*.

Here, as calculated from the date Petitioner's removal order became final on March 21, 2019, the 6-month presumptively reasonable period during which Petitioner may be detained pending removal under *Zadvydas* does not conclude until

September 21, 2019. Although the Government makes various arguments about its efforts to remove Petitioner and states that it anticipates being able to remove Petitioner in the "reasonably foreseeable future," (ECF No. 6 at 4), the Court finds that it is not necessary to assess these arguments at this juncture. Until the 6-month period expires, a *Zadvydas* claim is premature and must be dismissed without prejudice. *See Zadvydas*, 533 U.S. at 701 ("*After this 6-month period*, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." (emphasis added)); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (holding that "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*;" dismissing petition without prejudice to petitioner's ability to reassert claims after *Zadvydas* period expired); *Fabyanchuk v. United States AG*, No. 2:18-cv-01519-JAD-GWF, 2018 U.S. Dist. LEXIS 153692, at *4 (N.D. Cal. Sept. 10, 2018) (dismissing habeas petition premised on *Zadvydas* without prejudice because *Zadvydas* period would not expire until October 2018 and thus it was still possible for the government to remove petitioner within the presumptively reasonable 6-month period). Accordingly, the Court denies the Petition without prejudice so that the Government can continue its efforts to remove Petitioner within the presumptively reasonable 6-month period.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** the Petition (ECF No. 1) **WITHOUT PREJUDICE**. Nevertheless, because Petitioner's claim is only premature, the Court will retain jurisdiction over the Petition. Respondent is **ORDERED** to file a status report with the Court **no later than September 23, 2019** regarding the status of the Government's efforts to remove Petitioner to Eritrea. If it becomes evident to the Court that Petitioner's removal is not forthcoming, the

Court will issue an order for Respondent to show cause why Petitioner should not be released. **The Court advises Petitioner that if he is still in government custody after September 21, 2019, he may also file a motion in this case to reopen the Petition.** If Petitioner files such a motion, Petitioner must provide good reason to believe that there is no significant likelihood of his removal to Eritrea in the reasonably foreseeable future.

**IT IS SO ORDERED.**

DATED: August 13, 2019

Hon. Cynthia Bashant
United States District Judge